0305

SOUTH CAROLINA INSURANCE COMPANY, Respondent, v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Earl Gaddy, Johhny Hood, d/b/a/ Hood's Used Cars, Timmy Lee Lenhart, Linda Branch, Tammy Inman, by her Guardian *ad Litem*, Brenda Inman, and Sylvia Inman, by her Guardian *ad Litem*, Brenda Inman, Defendants, of whom South Carolina Farm Bureau Mutual Insurance Company is Appellant.

Appeal of SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY.

(327 S. E. (2d) 349)

Court of Appeals

*Jack L. Nettles*, of *Nettles & Nettles, P.A.*, Florence, *for appellant.*

*Gordon B. Baker, Jr.*, of *Willcox, Hardee, McLeod, Buyck & Baker*, Florence, *for respondent.*

*Charles E. Curry* and *J. Trus Hayes, Jr.*, both of *Hayes & Hayes*, Dillon, *for defendants.*

Heard Sept. 27, 1984.

Decided Oct. 30, 1984.

GARDNER, Judge:

This declaratory judgment action was brought by South Carolina Insurance Company (S. C. Ins. Co.) to determine if it or South Carolina Farm Bureau Mutual Insurance Company (the Farm Bureau) insured a van-type vehicle on Sunday, February 15, 1981, when it ws involved in a wreck resulting in personal injuries to several persons. Farm Bureau provided liability insurance for Earl Gaddy; S. C. Ins. Co. for Johnny Hood, a used car dealer. Hood either sold the van or delivered it on a trial basis to Gaddy on Friday, October 13, 1981. If there were a sale on Friday, Farm Bureau provided the liability coverage; if not, S. C. Ins. Co. provided the coverage.

At the conclusion of S. C. Ins. Co.'s case in chief, Farm Bureau moved for an involuntary nonsuit with prejudice. The motion was denied and from the denial of this motion Farm Bureau appeals. We reverse.

At trial, Hood, who was the only witness for S. C. Ins. Co., testified that he had sold the van to Gaddy, but, on cross-examination Hood admitted that (1) Gaddy told him he was going to buy the car Monday morning, (2) no money had changed hands, (3) Gaddy was not obligated to pay for the van if something happened to it over the weekend, (4) if he did not like the van, he did not have to buy it, (5) nothing (no paper) was given Gaddy to evidence ownership, (6) he (Hood) put his dealership tags on the van[1] and testified that "I reckon he was going to go ahead and finish trying it out . . . ," (7) Gaddy never paid for the van and (8) he (Hood) later sold the van to another person, suffering the wreck loss himself.

The above admissions by Hood cannot be reconciled with the averment that Gaddy bought the van on Friday, February 13, 1981. We hold that the only reasonable inference to be drawn from Hood's testimony is that Hood delivered the van to Gaddy on a trial basis with the hope that Gaddy would decide to buy the van on Monday. Thus, viewing the evidence in a light most favorable to S. C. Ins. Co., as we must, the nonsuit motion should have been granted, and the trial judge erred in not granting it.

[1] There was no compliance with Section 56-3-220, South Carolina Code of Laws, 1976, which provides for the attachment and display of "sold" cards as evidence of the sale of a motor vehicle by a dealer. But of more importance, Section 56-3-2320, South Carolina Code of Laws (1976) provides that dealer license plates, "shall be used by the dealer purchasing them *exclusively* on vehicles owned by such dealer. . . ." (Emphasis ours.)

For the reasons stated, the judgment below is reversed and the case is remanded for entry of judgment in favor of Farm Bureau.

Reversed and remanded.

SANDERS, C. J. and CURETON, J., concur.